# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAWN WILSON COMBS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. DEPORIE, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00546-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint filed March 18, 2016, and transferred to this Court on April 18, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on April 29, 2016. (ECF No. 10.)

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this action against correctional officials employed by the CDCR at CSP Corcoran. Plaintiff names the following Defendants: Dr. J. Deporie; D. Sparks; L. Edmonds; J. Waller.[2] Plaintiff also names as a Defendant the Mental Health Department. Plaintiff claims that Defendants have inadequately treated his mental health condition.

Plaintiff is a correctional clinical case management system (CCCMS) inmate, part of the mental health delivery system in the CDCR. Plaintiff alleges that prior to his arrival at CSP Corcoran, he had a mental breakdown at Wasco State Prison. Plaintiff was admitted to the California Healthcare Facility at Stockton, and diagnosed with bipolar disorder. Plaintiff was prescribed medication and classified as "long term CCCMS." (ECF No. 1, p. 5.)

---

[2] Plaintiff refers to Defendants Sparks and Edmonds as "ALCW." The Court assumes Plaintiff is referencing the title of Licensed Clinical Social Worker (LCSW.) Plaintiff refers to J. Waller as "PT." The Court assumes Plaintiff is referencing the title of Psychiatric Technician.

Plaintiff was transferred to CSP Corcoran on July 23, 2015. Plaintiff alleges that he was improperly housed, in that he was put in a building that did no cater to longer term CCCMS inmates. Plaintiff alleges that he was in a cell for over 6 months without proper care. Plaintiff did not have any appliances or books, and went out to yard "maybe three times a week." (Id.) Plaintiff alleges that as a result, he suffered severe mental anguish.

Plaintiff alleges that Dr. Deporie changed his medication on several occasions. Plaintiff told Dr. Deporie that the medications made him feel worse. Plaintiff was also seen monthly by Defendant Sparks. Plaintiff told her about his problem with getting the appropriate medications and his housing. Plaintiff alleges that Defendant Sparks did nothing to help. Defendant Sparks was replaced with Defendant Edmonds. Plaintiff explained his problems to Defendant Edmonds, with the same result. Plaintiff alleges that Defendant Waller acknowledged that Plaintiff was receiving poor mental health treatment, and was aware that Plaintiff was inappropriately housed.

## III.

## DISCUSSION

A.   **Eighth Amendment**

1.   **Mental Health Treatment**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9ith Cir. 2006.) This rule applies to "physical, dental, and mental health." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hallett v. Morgan, 296 F.3d 732, 746-48 (discussing prison officials' treatment of mentally ill inmates). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need

was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.

Plaintiff has failed to allege any facts that suggest deliberate indifference to his mental health needs. Under the facts alleged, Defendants addressed Plaintiff's mental health concerns. Plaintiff has alleged, at most, a disagreement with the course of his treatment. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122-23. To prevail, Plaintiff must allege facts that "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88. Plaintiff has not alleged any facts indicating that Dr. Deporie was aware of objective medical information that the course of treatment she chose was medically unacceptable. A simple allegation that medication for Plaintiff's mental health made him feel worse is not, of itself, sufficient to state a claim for deliberate indifference. Plaintiff's claim regarding his mental health treatment should therefore be dismissed for failure to state a claim.

### 2. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347 (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Id.; Hope v. Pelzer, 536

1  U.S. 730 (2002); Rhodes, 452 U.S. at 346.

2  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks and citations omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1988).

Plaintiff has not alleged any facts indicating that he was subjected to conditions of confinement that violate the Eighth Amendment, as described above. That Plaintiff did not have appliances or books for six months, or that he only had yard access a few times a week, does not constitute deliberate indifferent to a substantial risk to his harm or safety. That Plaintiff believes his mental condition was caused by the deprivations that he complains of does not subject Defendants to liability. Plaintiff does not allege any facts indicating that a medical professional diagnosed him with mental or physical injury as a result of not having appliances or books, or only having yard access a few times a week. This claim should therefore be dismissed.

**B.     Coleman Class Action**

In his statement of claim, Plaintiff refers to the Coleman class action. Specifically, Plaintiff claims that "me being a long term 'CCCMS' patient who suffers from bipolar disorder and ADHD since a child is entitled to the benefits of the 'Coleman case' which I did not receive." Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through class action." Id. Any asserted requests for injunctive relief

should therefore be dismissed.  If Plaintiff wants to complain about a perceived failure to comply with the order in Coleman, he may contact the plaintiff's class counsel.[3]

### C. Mental Health Department

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 67, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  Natural Resources Defense Council v. California Department of Transporation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (ith Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   The Mental Health Department, an entity of the California Department of Corrections and Rehabilitation, is therefore immune from suit.

### IV.
### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

---

[3] The Court assumes Plaintiff is referring to rulings under Coleman v. Brown, No. 2:90-cv-00520-KJM-DB, a class action concerning mental health care in California's prisons.  Counsel for the plaintiff class in Coleman is Donald H. Specter at the Prison Law Office, General Delivery, San Quentin, CA 94964.

each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 18, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a a first amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated: __August 23, 2016__

UNITED STATES MAGISTRATE JUDGE