# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAWN WILSON COMBS,<br><br>    Plaintiff,<br><br>    v.<br><br>MENTAL HEALTH DPT., et al.,<br><br>    Defendants. | No. 1:16-cv-00546-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 13, 14)<br><br>ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**I.    Background**

Plaintiff Dashawn Wilson Combs is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 18, 2016. Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 10).

On August 23, 2016, the Court dismissed Plaintiff's complaint with leave to amend within thirty (30) days after service of that order. (ECF No. 13.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed, with prejudice, for failure to obey a court order and failure to state a claim. (Id. at p. 7.)

Plaintiff failed to file an amended complaint and did not comply with or otherwise respond to the Court's order. Accordingly, on October 5, 2016, the Court issued an order for

Plaintiff to show cause, within thirty (30) days of service of that order, why this action should not be dismissed based on Plaintiff's failure to comply with the Court's August 23, 2016 order, and for his failure to state a claim and failure to prosecute. (ECF No. 14).

Plaintiff's response to the order to show cause was due on or before November 8, 2016. However, as of the date of this order, Plaintiff has neither complied with the Court's previous orders, nor otherwise communicated with the Court.

**II.  Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending for over eight months, and Plaintiff's amended complaint is two months overdue. Despite multiple attempts to communicate with Plaintiff, he has been non-responsive to the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prod. Liability Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's August 23, 2016 order expressly warned Plaintiff that his failure to comply with that order would result in dismissal of this action, with prejudice, for failure to state a claim and to obey a court order. (ECF No. 13, p. 7). Plaintiff also was warned of the potential for dismissal by the Court's October 5, 2016 order to show cause. (ECF No. 14). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**III.    Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim;

2. This action is also HEREBY DISMISSED for the failure to obey the Court's August 23, 2016 order (ECF No. 3) and October 5, 2016 order (ECF No. 14), and for Plaintiff's failure to prosecute this action;

3. This dismissal SHALL count as a strike against Plaintiff under 28 U.S.C. § 1915(g); and

4. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **November 28, 2016**

UNITED STATES MAGISTRATE JUDGE

4